IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ervan Harvey, Jr., ) | |
| ) | C/A No.: 0:06-938-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Alvin S. Glenn Detention Center; Mr. ) | |
| Ronaldo Myers, Director: Mr. McClain; ) | |
| Mr. Goodwin, ) | |
| ) | |
| Defendants. ) | |
| ) | |

At the time of the underlying complaint, Plaintiff Ervan Harvey, Jr. was an inmate in federal protective custody housed at the Alvin S. Glenn Detention Center in Columbia, South Carolina. He brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights in various respects.

This matter is before the court on Defendants' motion to dismiss filed June 26, 2006. Defendants allege mailings addressed to Plaintiff have been returned to them as undeliverable. Defendants contend the within action should be dismissed pursuant to Fed. R. Civ. P. 41(b) because Plaintiff has filed to comply with a court order advising him to keep the court apprised of his address. By order filed June 27, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to respond adequately. The envelope containing Plaintiff's copy of the Roseboro order was returned to the Office of the Clerk of Court on July 5, 2006, marked "Return to Sender. Attempted - Not known. Unable to Forward."

In accordance with 28 U.S.C. § 636(b), this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On September 13, 2006, the Magistrate Judge issued

a Report and Recommendation in which he recommended that the case be dismissed pursuant to Rule 41(b). A copy of the Report and Recommendation was mailed to Plaintiff at his last known address at Darlington County Detention Center, 2349 Rodgers Road, Darlington, South Carolina 29532. The envelope containing Plaintiff's copy of the Report and Recommendation was returned to the Clerk of Court on September 18, 2006, marked "No longer here."

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff was advised by order filed April 3, 2006 of his responsibility to notify the court *in writing* if his address changed. Plaintiff was informed that his case could be dismissed for failing to comply with the court's order. It appears that Plaintiff no longer wishes to pursue this action. Accordingly, the court adopts the Report and Recommendation and incorporates it herein by reference. Defendants' motion to dismiss is granted. The within action is dismissed pursuant to Rule 41(b) *with prejudice* for failure to prosecute.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

September 28, 2006
Columbia, South Carolina